IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| KURT FREITAG dba BIG FISH PARTNERS I,<br><br>        Plaintiff,<br><br>        v.<br><br>CATLIN INDEMNITY COMPANY; CATLIN INSURANCE COMPANY, INC.; and CENTURY SURETY COMPANY,<br><br>        Defendants. | Case No. 6:12-CV-01111-HO<br><br>ORDER |

INTRODUCTION

Defendants Catlin Indemnity Company, Catlin Insurance Company, Inc., and Century Surety Company (defendants) removed this declaratory judgment action from the Circuit Court of the State of Oregon for the County of Lincoln, to this court on June 20, 2012. [#1].

This action arises from litigation involving non-performance

1 - ORDER

of windows installed in several phases of a housing development in Newport, Oregon. [#1-Ex.Ap.8]. On or about March 9, 2011, plaintiff tendered defense of that litigation to his insurers. *Id.* His complaint alleges that "despite several demands made upon defendants, defendants have failed to honor their obligations under the policy." [#1-Ex.A.-p.9]. Plaintiff seeks declaratory judgment and damages of $95,949.74. *Id.*

Defendants move to dismiss plaintiff's complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). [#7].

## DISCUSSION

Plaintiff Kurt Freitag, dba Big Fish Partners I, alleges that defendants are in breach of their contracts with him by failing to provide a defense in pending litigation as required by policy No.3600100613. [#1-Ex.A]. The underlying litigation, a dispute between plaintiff and Antlers Concrete Construction, Michael Fisher Construction and Milgard Manufacturing Inc, relates to the non-performance of windows installed in three phases of plaintiff's Meritage Little Creek development, located in Newport, Oregon. [#1-Ex.A-pp.7-8].

Defendants move to dismiss plaintiff's claims because: (1) plaintiff is not the named insured in the policy identified in plaintiff's complaint; (2) neither of the named Catlin defendants issued the policy identified in plaintiff's complaint; (3) the policy provides coverage for liability at a specific address

2 - ORDER

different than the location in plaintiff's complaint and (4) the policy is a surplus lines policy and thus not subject to a claim for attorney fees under ORS 742.061. [#7].

A. **Standard:**

1. Motion to Dismiss:

A Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) is proper only where there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory. *Balisteri v. Pacific Police Dept.,* 901 F.2d 696,699 (9th Cir.1990). The issue is not whether the plaintiff is likely to succeed on the merits but if the complaint is sufficient to entitle the plaintiff to proceed beyond the pleadings in an attempt to establish his claim. *De La Cruz v. Torrey,* 582 F.2d 45, 48 (9th Cir 1978). Under these standards, leave to amend a deficient complaint must be granted "... [u]nless it is absolutely clear that no amendment can cure the defects." *Lucas v. Dep't of Corrections,* 66 F.3d 245, 248 (9th Cir. 1995).

B. **Defendants' Motion to Dismiss [#7]:**

1. Named Insured:

Defendants argue that plaintiff has not established that he is an insured under the policy[1] and despite policy language

---

[1] Defendants contend that Mr. Freitag has many business identities, two of which are Big Fish Partners and Big Fish Partners I and note that the insured named in policy #3600100613, is Kurt Freitag dba Big Fish Partners, not plaintiff Kurt Freitag

3 - ORDER

stating that the policy was issued to: "you and your spouse . . . but only with respect to the conduct of a business of which you are a sole owner," has made no allegations regarding the ownership of either business. [#8-p.3; #8-Ex.1-p.32; #19-p.3].

Plaintiff responds that because he was issued an individual policy it does not matter which business entity is named because he, as an individual, is the insured. [#17-p.2].

An individual doing business under several different names, and whose insurance policies are written to the individual doing business under those names, is not a separate entity in his capacity operating each of the businesses. See e.g., *Providence Wash. Ins. v. Valley Forge Ins., Co.*, 42 Cal. App. 1194, 1200-1202 (1996)("The designation 'd/b/a' means 'doing business as' but is merely descriptive of the person or corporation who does business under some other name. Doing business under another name does not create an entity distinct from the person operating the business."). Thus, for the purposes of insurance coverage, irrespective of any dba name, the individual is the only legal entity.

    2.   Catlin defendants:..

Defendants assert that Policy # 3600100613 was issued by Catlin Speciality Insurance Company, not by any of the named defendants. Plaintiff agrees that this assertion "appears to

---

dba Big Fish Partners I.   [#8-Ex.1; #19-pp. 2-3].

4 - ORDER

possibly be correct." [#17-p.2]. Plaintiff requests that he be allowed to file an amended petition naming an additional defendant. [#17-pp.2-3].

At this stage of the litigation, plaintiff has sufficiently pleaded that he purchased insurance from a Catlin entity. Discovery will serve to inform which corporate entity insured plaintiff and may allow some of the named defendants to be dismissed through summary judgment.

Given the complex corporate structure of the Catlin group of insurers, plaintiff's request to amend his complaint is granted.

3.  Address of Insured Property:

Defendants contend that even if they were the proper defendants and plaintiff is the named insured, plaintiff has failed to state a claim upon which relief may be granted because the property at issue is not the premises listed on the schedule, namely 33 Oceanview, Newport Oregon 97361. [#8-pp.3-4 and Ex.1 -p.42; #19-p.5].

Plaintiff responds that the address on the policy is incorrect and the result of a scriveners error. [#17-p.3; #18-Ex.2-p.1]. Plaintiff argues that he has never owned any property at 33 Oceanview in Newport, and refers the court to his insurance application which he asserts, shows 3360 Oceanview, Newport, OR, (the address of his Meritage project), as the intended insured premises. *Id.* Because the proffered evidence is extrinsic to

5 - ORDER

plaintiff's complaint it is not appropriate for the court's consideration at this stage of litigation (even if it were legible).

A mutual mistake by parties to an insurance contract can provide the basis for reformation if it is proven by clear and satisfactory evidence that the parties shared a misconception about a basic assumption or vital fact upon which they based their bargain. *Ranger Ins., Co., v. Globe Seed & Feed Co., Inc.*, 125 Or.App. 321, 327-28 (1993). Defendants note that plaintiff may well have a viable reformation claim based on this alleged scrivener's error. [#19-p.6]. I agree.

4.   Attorney Fees:

Finally defendants move to dismiss plaintiff's claim for attorney fees arguing that the policy at issue in this matter clearly states on the declaration page that it is a surplus lines policy, which ORS 742.001(3) excludes. [#7; #8-8-p.4; #19-p.7].

Plaintiff concedes that attorney fees are not available against a surplus lines insurer however, argues that he is entitled to fees accrued as a result of defending his claim, the defense of which is owed under the four corners of the policy. [#17-p.4].

A Motion to Dismiss is evaluated on the pleadings alone. While the parties concur that surplus lines policies are not covered by the provisions of ORS 742,(including the attorney fee

6 - ORDER

provision), there is nothing on the face of the pleading that would suggest the surplus lines exclusion applies to plaintiff's claim for attorney fees.

## CONCLUSION

Based on the foregoing, defendants' Motion to Dismiss [#7] is DENIED. Plaintiff's request [#17] is construed as a Motion for Leave to Amend his Complaint and is GRANTED.

IT IS SO ORDERED

DATED this 12th day of Sept., ~~August~~, 2012.

_____
UNITED STATES DISTRICT JUDGE

7 - ORDER