IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KURT FREITAG dba BIG FISH PARTNERS,

       Plaintiff,

  v.

CATLIN INDEMNITY COMPANY, a foreign corporation; CATLIN INSURANCE COMPANY, INC., a foreign corporation; CENTURY SURETY COMPANY, a foreign corporation; and CATLIN SPECIALTY INSURANCE COMPANY, a foreign corporation,

       Defendants.

Case No. 6:12-cv-01111-TC

O R D E R

AIKEN, Chief Judge:

    Magistrate Judge Coffin filed his Findings and Recommendation on June 11, 2013, recommending that plaintiff Kurt Freitag's motion for partial summary judgment be granted, and that defendants Catlin Indemnity Company's, Catlin Insurance Company, Inc.'s, and Catlin Specialty Insurance Company's motion for summary judgment and motion for leave to amend their answer be denied. The matter is

Page 1 - ORDER

now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a de novo determination of that portion of the magistrate judge's report. See 28 U.S.C. § 636(b)(1)(C); <u>McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc.</u>, 656 F.2d 1309, 1313 (9th Cir. 1981), <u>cert. denied</u>, 455 U.S. 920 (1982).

Defendants timely filed objections to: (1) the denial of their motion to amend; and (2) the merits of Magistrate Coffin's findings regarding the parties' cross-motions for summary judgment. I have, therefore, given those portions of the report a de novo review. As to the former, defendants argue that they should be granted leave to amend their answer in order to allege additional affirmative defenses and counter-claims because they did not become aware of the facts necessary to support such allegations until January and February 2013. <u>See</u> Defs.' Objections at 4-8, 11. A review of the record reveals that this "new" evidence does not include any facts that defendants did not reasonably have access to long before moving to amend. Further, defendants moved to amend their answer seven months after their initial response, five months after filing their motion for summary judgment, and two months after they allegedly became aware of additional facts through discovery.

Finally, contrary to defendants' assertion, the fact that they filed their motion to amend before "the agreed deadline" does not give them an immediate right to amend. <u>Id.</u> at 4; <u>see also</u> Fed. R.

Page 2 - ORDER

Civ. P. 15(a). In other words, the parties' discovery agreement merely establishes deadlines for them to request leave from the court to amend, a request that Magistrate Coffin denied in his Findings and Recommendation. In any event, this Court agrees with Magistrate Coffin's analysis and conclusion at to this issue.

Defendants' remaining objections merely restate their initial arguments in favor of summary judgement. <u>See generally</u> Defs.' Objections. I agree with Magistrate Coffin's analysis and conclusions regarding these matters. As such, I ADOPT the Magistrate's Findings and Recommendation (doc. 83) in its entirety; defendants' motion for summary judgment (doc. 28) is DENIED, plaintiff's motion for partial summary judgment (doc. 47) is GRANTED, and defendants' motion for leave to amend (doc. 63) is DENIED. Defendants' request for oral argument is DENIED as unnecessary.

IT IS SO ORDERED.

Dated this 23 day of July, 2013.

_____
Ann Aiken
United States District Judge